Case 4:22-cv-02733   Document 54   Filed on 07/15/24 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
July 15, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON BAILEY, M.D., P.A., *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22-CV-02733 |
| UNITEDHEALTHCARE INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Before the Court are cross-motions for summary judgment from the defendant, UnitedHealthcare Insurance Company ("UHIC") (DE 42, 50), and the plaintiffs, Jason Bailey, M.D., P.A. and Keith Lemon (DE 46). After reviewing the filings, the record, and the law, the Court determines that the plaintiffs' motion should be **DENIED**, and the defendant's motion should be **GRANTED**.

### II.  FACTUAL BACKGROUND

This is an ERISA case. Keith Lemon was enrolled in a health insurance policy with UHIC when he fell off a ladder, fracturing and lacerating his arm. Dr. Jason Bailey performed an emergency surgery on Lemon to stabilize him and treat these injuries. UHIC reimbursed Bailey's practice at an unsatisfactory rate and denied portions of Bailey's services, denying that the surgery was necessary. Lemon and Bailey sued UHIC seeking greater reimbursement.

### III. STANDARD OF REVIEW

ERISA "permits a person denied benefits under an employee benefit plan to challenge that denial in federal court." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008). We review a denial of benefits *de novo*, considering the same information to which the administrator had access. *Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F.3d 246 (5th Cir. 2018). Put simply, the Court must "stand in the shoes of the administrator and start from scratch, examining all the evidence before the administrator as if the issue had not been decided previously." *Byerly v. Standard Ins. Co.*, 2020 BL 111497, at *21 (E.D. Tex. Mar. 25, 2020) (citations omitted).

"Standard summary judgment rules control in ERISA cases." *Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324, 329 (5th Cir. 2014) (citations omitted). Summary judgment is appropriate where the filings and the record show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). The court must construe "all facts and inferences . . . in the light most favorable to the nonmoving party." *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying where the record "demonstrate[s] the absence of a genuine issue of

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets its burden, the burden shifts to the nonmovant to "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003). "When parties file cross-motions for summary judgment, we review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Green*, 754 F.3d at 329 (citation omitted).

## IV. ANALYSIS & DISCUSSION

The present question is whether, as UHIC argues, the plaintiffs' claims are barred by a contractual three-year limitations period. UHIC's last correspondence rejecting the appeal and confirming the proper adjudication of the claim was on April 26, 2019. The plaintiffs sued UHIC on June 29, 2022, over three years after UHIC's final decision.

*Statutory Arguments*

The plaintiffs invoke several statutes to exempt their claim from the contract's limitations provision. First, 29 U.S.C. § 1132 (c)(1) states that: "Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish . . . [shall] be personally liable . . . and the court may in its discretion order such other relief as it deems proper." Relatedly, § 1024(b)(4) mandates that: "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description . . . or other instruments under which the plan is

3 / 9

established or operated." Courts have held that a "request for documents under § 1024(b)(4) necessitates a response from the plan administrator when it gives the administrator clear notice of what information the beneficiary desires." *Anderson v. Flexel, Inc.*, 47 F.3d 243, 248 (7th Cir. 1995).

Acting as Dr. Bailey's agent, Howard Healthcare Group requested Lemon's plan documents from UHIC. Howard attached an agreement between Lemon and Bailey authorizing insurers to release Lemon's plan documents to Bailey. UHIC responded, but it did not provide the plan documents. 18 days later, UHIC answered that Lemon must complete an attached authorization form before UHIC would relinquish the plan to Howard. Neither the plaintiffs nor Howard returned the completed authorization form to UHIC. Instead, about a month after UHIC responded to Howard, Howard sent another request for plan documents. 18 days later, UHIC sent the same response. Neither the plaintiffs nor Howard replied.

The plaintiffs' brief does not address UHIC's response or its authorization form. Instead, the seek the benefits of equitable tolling. Even if UHIC violated §§ 1024 and 1132, the Court cannot grant the equitable tolling the plaintiffs seek. It is true that "[t]o the extent the participant has diligently pursued both internal review and judicial review but was prevented from filing suit by extraordinary circumstances, equitable tolling may apply." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 114 (2013). But it is also true that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418.

This not a case of an unsophisticated plaintiff's unavailing diligence. A sophisticated party like Bailey that diligently pursued its rights could have solved the problem by either having Lemon submit the attached authorization form or, at the very least, replying to UHIC. Neither occurred. Thus, the Court cannot say that the plaintiffs have diligently pursued their rights as required for equitable tolling.

The defendants have therefore adduced a valid, unchallenged excuse for not providing the requested information to the plaintiffs. The Court repeats that the plaintiffs do not respond to UHIC's arguments regarding the authorization form. While the Court must interpret the law to the best of its ability, it cannot make the parties' arguments for them. "This court has no duty to research and construct legal arguments available to a party, especially when he is represented by counsel." *Tyler v. Runyon*, 70 F.3d 458, 466 (7th Cir. 1995). Thus, the plaintiffs cannot use § 1132 (c)(1) to toll the plan's limitations period.

Next, the plaintiffs argue that UHIC violated ERISA by failing to disclose the limitations period. Following an adverse benefit determination, ERISA obligates UHIC to provide: "A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review." 29 CFR § 2560.503-1(g)(1)(iv). While the statute explicitly requires that UHIC describe the time limits applicable to the plan's procedures, it is

silent regarding the time limits to bring a civil action. Thus, the Court determines that no disclosure is required. This natural reading is supported by *expressio unius*, a "canon of construction holding that to express or include one thing implies the exclusion of the other, or of the alternative." *Texas v. United States*, 809 F.3d 134, n.180 (5th Cir. 2015) (quoting *Black's Law Dictionary* 701 (10th ed. 2014)). The choice to include time limit disclosures for review procedures, but not for civil actions, suggests that Congress had different intentions for these different resolution mechanisms. Thus, this argument, too, fails.

*Contractual Text Argument*

The plaintiff's final argument attacks the diction of the plan's limitations provision. It reads: "If you want to bring a legal action against us you must do so after the 61st day written proof of loss is filed *or* within three years of the date we notified you of our final decision on your appeal or you lose any rights to bring such an action against us." (Emphasis added).

The plaintiffs sued UHIC over three years after UHIC notified the plaintiffs of its final decision on appeal. Thus, the plaintiffs argue that UHIC's use of the word "or" instead of "and" permits the plaintiffs to file suit *either* after the 61st day written proof of loss is filed or within three years of the final appeal decision. However, "or" is not always disjunctive. "Authorities agree that ... *or* has an inclusive sense as well as an exclusive sense." *B-50.com, LLC v. InfoSync Servs., LLC*, No. 3:10-CV-1994-D, 2014 WL 285096, at *6 (N.D. Tex. Jan. 27, 2014) (quoting Bryan A. Garner, *Garner's Dictionary of Legal Usage* 639 (3d ed. 2011)); "The conjunctive interpretation is also

consistent with proper grammar, where the phrase 'not A, B, *or* C' means 'not A, not B, *and* not [C].'" *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 680 (Fed. Cir. 2015) (quoting A. Scalia &. B. Garner, *Reading Law: The Interpretation of Legal Texts* 119 (2012)). The text alone does not justify the plaintiffs' interpretation.

None of the plaintiffs' authorities supports their reading, either. Instead, those authorities discuss ambiguity. The plaintiffs are correct that ambiguities are construed against UHIC. *Ramirez v. United of Omaha Life Ins. Co.*, 872 F.3d 721, 727 (5th Cir. 2017). But the Court cannot jump to ambiguity, leapfrogging traditional interpretive principles. "Only if the plan terms remain ambiguous after applying ordinary principles of contract interpretation are [courts] compelled to apply the rule of *contra proferent*[*e*]*m* and construe the terms strictly in favor of the insured." *Id.* at 725 (quoting *Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324, 331 (5th Cir. 2014)). Here, two principles of ordinary contract interpretation resolve any ambiguity and foreclose the plaintiffs' interpretation.

The rule against surplusage frowns upon contract interpretations that render parts of the contract meaningless. "When interpreting insurance contracts, 'each part of the contract must . . . be given effect and meaning' and an 'interpretation that gives a reasonable meaning to all provisions is preferable to one that leaves a portion of the policy useless, inexplicable, or creates surplusage.'" *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, 509 F. Supp. 3d 908, 923 (S.D. Tex. 2020) (quoting *Columbia Cas. Co. v. Ga. & Fla. RailNet, Inc.*, 542 F.3d 106, 112–13 (5th Cir. 2008)). The plaintiffs' interpretation renders the three-year limit surplusage; the time period from 61 days

after the filing of proof of loss into perpetuity will always encompass the period starting with the final appeal decision and ending three years later. Thus, that language would serve no purpose.

This leads to the related but distinct offense against the rule prohibiting absurd results. "Under Texas law, we are required to interpret [c]ontract provisions . . . so as to avoid meanings that produce unreasonable, oppressive, or absurd results." *Mid-Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 114 (5th Cir. 2010) (quotations omitted). The absurdity of the plaintiffs' interpretation is straightforward: the limitations provision would leave the plaintiff free to sue UHIC into perpetuity, providing no limitation at all.

The plaintiffs argue that this absurd result is averted because the statutory limitations period would prevent them from suing UHIC more than four years after the adverse decision. This argument is unavailing. State law may indeed supply the limitations period for ERISA claims. But this is alternative—not supplemental or combinatory—to the parties' agreement. "Alternatively . . . [a] participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 417 (5th Cir. 2019) (quoting *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105–06 (2013)).

Thus, the statute does not offer a ceiling to the parties' agreement. Moreover, the parties' freedom of contract prevents a gap-filling statute from supplanting a contractual agreement. The plaintiffs therefore cannot argue that a statute would

8 / 9

prevent a provision's absurd result when that statute comes into effect only as an alternative to the provision. Furthermore, even if the statute did cap the limitations period at four years, it would not remedy the surplusage problem; the provision's contemplation of a three-year limitation period would still be meaningless.

The Court turns, then, to UHIC's reading: the plaintiffs may sue UHIC during the period starting 61 days after filing proof of loss and ending three years after the final appeal decision. Unlike the plaintiffs' interpretation, this reading creates neither surplusage nor an absurd result. It makes sense of the provision and gives meaning to each clause within it. With only one reasonable interpretation surviving the ordinary rules of contract interpretation, ambiguity evaporates, along with construals in the plaintiffs' favor.

## V. CONCLUSION

The parties are bound by the contractual limitations period. The plaintiffs' claims are thus time-barred, and the Court need not reach their merits. Accordingly, the defendant's motion for summary judgment is **GRANTED.** The plaintiffs' motion for summary judgment is **DENIED.**

It is so **ORDERED**.

SIGNED on July 15, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge